Dear Representative Peters:
This office has received your request for an official Attorney General Opinion in which you ask the following question:
 When a defendant's plea of guilty is accepted by the court, is the appearance bond posted by a bondsman exonerated pursuant to 59 O.S.Supp. 2008, § 1327[59-1327](D)?
 I. INTRODUCTION
Section 1327(D) of Title 59 is a provision of the Bail Bondsmen Code ("Code"), 59 O.S. 2001 Supp. 2008, §§ 1301 — 1340. The Code "appl[ies] to the regulations of bail bonds for crimes, the punishment of which may be in excess of Twenty Dollars ($20.00) fine or twenty (20) days in jail, or both such fine and imprisonment." 59 O.S. 2001, § 1301[59-1301](A). A bond is defined as "an appearance bond for a specified monetary amount which is executed by the defendant and a licensed bondsman pursuant to the [Code] and which is issued to a court clerk as security for the subsequent court appearance of the defendant upon release from actual custody pending the appearance." Id. § 1301(B)(12).
 II. ANALYSIS
Your request concerns an interpretation of 59 O.S.Supp. 2008, § 1327[59-1327](D), which states:
 When a defendant does appear before the court as required by law and enters a plea of guilty or nolo contendere, is sentenced or a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma statutes, in such event the undertaking and bondsman and insurer shall be exonerated from further liability.
Id. (emphasis added). *Page 2 
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16, 648 P.2d. 26, 29 (Okla. 1982). Legislative intent regarding 59 O.S.Supp. 2008, § 1327[59-1327](D) can be ascertained by examining its legislative history. See George E. Failing Co. v. Watkins, 14 P.3d 52, 57 n. 28 (Okla. 2000), ("Any doubt about the meaning of a statute may be resolved by reference to its documented history.").
Initially, 59 O.S.Supp. 2008, § 1327[59-1327](D) was codified as 59 O.S.Supp. 1982, § 1332[59-1332](3), which in pertinent part stated:
 When a defendant does appear before the court as required by law and is convicted of a crime or enters a plea of guilty to a crime, in such event the undertaking and the bondsman and insurer shall forthwith be exonerated from further liability unless approved thereafter, in writing, by said bondsman.
1982 Okla. Sess. Laws ch. 149, § 4(3) (amending 59 O.S. 1981, § 1332[59-1332](3)) (emphasis added).
The initial language of the current 59 O.S.Supp. 2008, § 1327[59-1327](D) thus required a defendant to appear before the court as required by law and either be convicted of a crime or enter a plea of guilty to a crime for exoneration of the bond. A bondsman could state in writing that he or she agreed to further liability on the bond.
The Legislature amended and recodified Section 1332(3) to Section 1332(D) in 1987. The amended language in pertinent part stated:
 When a defendant does appear before the court as required by law and is convicted of a crime or enters a plea of guilty to a crime sentenced or a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma Statutes, in such event the undertaking and the bondsman and insurer shall forthwith be exonerated from further liability unless approved thereafter, in writing, by said bondsman.
1987 Okla. Sess. Laws ch. 52, § 1(D) (emphasis added).
The 1987 amendment removed language stating the conviction of a defendant or a plea of guilty by the defendant was a basis for exoneration of the bond. See id. Instead, a defendant was required to appear before the court as required by law and be sentenced or receive a deferred sentence for exoneration of a bond. Id. A bondsman could still provide in writing that he or she agreed to further liability on the bond. Id.
The Legislature recodified 59 O.S.Supp. 1992, § 1332[59-1332](D) to 59 O.S.Supp. 1993, 1327(C) in 1993. The statute's language was amended once again and stated: *Page 3 
 C. When a defendant does appear before the court as required by law and is sentenced or a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma Statutes, in such event the undertaking and bondsman and insurer shall be exonerated from further liability.
1993 Okla. Sess. Laws ch. 170, § 6 (emphasis added); see 1993 Okla. Sess. Laws ch. 170, § 7(D). The 1993 amendment removed the provision allowing a bondsman to state in writing that he or she agreed to further liability on the bond. Id.
The Legislature further amended Section 1327(C) in 2002. The 2002 version of the statute provided as follows:
 C. When a defendant does appear before the court as required by law and enters a plea, is sentenced or a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma Statutes, in such event the undertaking and bondsman and insurer shall be exonerated from further liability.
2002 Okla. Sess. Laws ch. 390, § 19 (emphasis added).
The 2002 amendment added an alternative circumstance for exoneration of a bond. See id. A defendant could either appear for court as required by law and enter a plea or appear for court as required by law and be sentenced, or receive a deferred sentence for exoneration of the bond.Id. The inclusion of a comma after the word "plea" instead of the word "and" indicates the Legislature intended to use the comma in place of the word "or." Id.
Furthermore, a plea of guilty was initially an independent basis for exoneration of a bond. However, this basis for exoneration of a bond was repealed in 1987. See 1987 Okla. Sess. Laws ch. 52, § 1(D). Inclusion of the word "plea" followed by a comma in the 2002 amendment indicates the Legislature once again intended for a guilty plea to be an independent basis for exoneration of a bond, in addition to other types of pleas.See 2002 Okla. Sess. Laws ch. 390, § 19(C).
The last substantive amendment occurred in 2003.[1] After the 2003 amendment was enacted, the statute stated: *Page 4 
 C. When a defendant does appear before the court as required by law and enters a plea of guilty or nolo contendere, is sentenced or a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma Statutes, in such event the undertaking and bondsman and insurer shall be exonerated from further liability.
2003 Okla. Sess. Laws ch. 66, § 1 (emphasis added).
Perhaps determining the word "plea" was too broad, the Legislature amended the statute. The amendment requires a defendant to either appear in court as required by law and enter a plea of guilty or nolo contendere, or appear in court as required by law and be sentenced or receive a deferred sentence for exoneration of the bond. Id.
The legislative history of 59 O.S.Supp. 2008, § 1327[59-1327](D), indicates there are two independent circumstances for exoneration of a bond. A bond is exonerated pursuant to this statute when a defendant either appears in court as required by law and enters a plea of guilty or enters a plea or nolo contendere. A bond is also exonerated pursuant to this statute when a defendant appears in court as required by law and is sentenced or receives a deferred sentence. The second circumstance for exoneration of a bond occurs when a court requires another bond for appearance at judgment and sentencing, following exoneration of the initial bond upon a plea of guilty or nolo contendere.
A defendant remains subject to a court's jurisdiction following exoneration of a bond upon a plea of guilty or nolo contendere. A court may exercise its discretion and place a defendant into custody pending judgment and sentencing if there are concerns regarding a defendant's future appearance at judgment and sentencing. See 22 O.S. 2001, § 924[22-924] ("If a general verdict is rendered against the defendant . . . he may be committed to the proper officer of the county to await the judgment of the court upon the verdict.").
A court may also require the posting of another bond to secure a defendant's appearance at judgment and sentencing. Furthermore, a court may admit a defendant to bail on personal recognizance. A court is authorized to prescribe the conditions for bail on personal recognizance to secure a defendant's appearance at judgment and sentencing. See 59 O.S. 2001, § 1334[59-1334].
 It is, therefore, the official Opinion of the Attorney General that:
 1. An appearance bond posted by a bail bondsman is exonerated by operation of law pursuant to 59 O.S.Supp. 2008, § 1327[59-1327](D), when a defendant appears before a court as required by law and enters a plea of guilty or nolo contendere.
 2. An appearance bond posted by a bail bondsman is exonerated by operation of law pursuant to 59 O.S.Supp. 2008, § 1327[59-1327](D), when a defendant appears before a court as required by law and is sentenced or *Page 5 a deferred sentence is granted as provided for in Section 991c of Title 22 of the Oklahoma Statutes.
 3. A defendant remains subject to a court's jurisdiction following exoneration of an appearance bond pursuant to 59 O.S.Supp. 2008, § 1327[59-1327](D), upon an appearance before a court as required by law and the entering of a plea of guilty or nolo contendere. A court may place a defendant into custody pending judgment and sentencing, require a new bond or admit a defendant to bail on personal recognizance to secure a defendant's appearance at judgment and sentencing.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ROY JOHN MARTIN ASSISTANT ATTORNEY GENERAL
[1] An amendment to Section 1327(D) also occurred in 2005. The 2005 amendment moved Section 1327(C) to a new subparagraph (D). See 2005 Okla. Sess. Laws ch. 71, § 1(D). *Page 1